**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Gary K. Stout, for himself and others similarly situated,**

      *Plaintiffs,*

**v.**                    **Case No. 3:13-cv-026**
                         **Judge Thomas M. Rose**

**Remetronix, Inc.,** *et al.***,**

      *Defendants.*

---

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION, EXPEDITED DISCOVERY AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS.** DOC. 4.

---

  Pending before the Court is Plaintiff's Motion for Conditional Class Certification, Expedited Discovery and Court-Supervised Notice to Potential Opt-in Plaintiffs. Doc. 4. Therein, Plaintiff Gary K. Stout requests entry of an order: (i) conditionally certifying Plaintiff's proposed FLSA class; (ii) requiring Defendants Remetronix, Inc. and TechMed Solutions, Inc. to identify potential opt-in plaintiffs by promptly responding to Plaintiff's First Interrogatories Directed to Defendants; and, (iii) implementing a procedure whereby Court-approved Notice of Plaintiff's FLSA claim can be promptly sent to all potential opt-in plaintiffs (and posted in workplaces). Plaintiff's motion is made pursuant to Federal Rules of Civil Procedure 26(b), 37(a), and 83(b) and §16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

**I.     Alleged Facts**

On January 28, 2012, Plaintiff James K. Stout filed the complaint in the instant action, alleging that Defendants unlawfully failed to pay appropriate minimum wage and overtime compensation to employees who were non-exempt under the Fair Labor Standards Act. See Doc. 1. Count One seeks relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq. Plaintiff is pursuing these claims on behalf of himself and all other similarly situated employees as a representative action under the FLSA's opt-in provision, 29 U.S.C. §216(b). See Complaint ¶ 32.

Defendants Remetronix Inc. and TechMed Soluations, Inc. operate as a single entity, perform the same services, with the same employees performing work for both entities. (Complaint ¶ 8; Declaration of Chad Jones at ¶ 3, Exhibit 1). Defendants employ between 100 and 150 field technicians at any given time providing services to customers across the country. (Complaint ¶ 33; Jones Declaration ¶ 13). The job responsibilities of these field technicians consist of installation, de-installation, and relocation of medical imaging equipment. (Complaint ¶ 24; Jones Declaration ¶ 18). Field technicians receive assignments that often require travel and overnight stays. The field technicians travel to the site of their assignment, perform the work, then return home or to a hotel. (Jones Declaration ¶ 18). After returning, a field technician is required to perform additional work including, but not limited to: checking company emails, providing updates to the employer, completing surveys and questionnaires, and completing other documentation and paperwork depending on the project. (Complaint ¶ 29; Jones Declaration ¶ 19). On average, this additional work takes between 4 to 6 hours a week to complete. (Complaint ¶ 46; Jones Declaration ¶ 19). For the last three years, Defendants have not compensated field technicians for this additional work. (Complaint ¶ 46; Jones Declaration ¶ 20).

Defendants employed Plaintiff as a field technician. Complaint ¶ 23.  Plaintiff lives in Ohio and traveled around the country to complete his assignments. Complaint ¶ 25.  On a typical day, Plaintiff traveled to his job site, completed his work, and returned home or to his hotel.  Upon returning, Plaintiff was required to complete the additional duties, but was not paid overtime or his regular rate of pay for the additional work completed. Complaint ¶¶ 40, 46.  These duties required the field technicians to have an internet connection and a password or code to login.

Plaintiff alleges that, counting these additional duties, field technicians routinely worked more than 40 hours per week and were not compensated with an overtime premium as mandated by the FLSA.  Plaintiff and the other field technicians were paid on an hourly basis. (Complaint ¶ 36; Jones Declaration ¶ 17).  Plaintiff claims the job duties and pay structure of field technicians did not cause the field technicians to be exempt from overtime compensation pursuant to the Fair Labor Standards Act.

Plaintiff buttressed his claim with the declaration of Chad Jones, formerly employed by Defendants as a National Field Manager.  Jones was employed by Defendants from July 4, 2000 until March 6, 2012. (Jones Declaration ¶ 2). As part of his job duties, Jones enforced payroll policies at the direction of Defendants' Vice President and Chief Operating Office, Nick Giallanzo. (Id. ¶ 16). In his declaration, Jones asserts: (1) all field technicians employed by Defendants performed the same job duties and were subject to the same policies and procedures, (2) all field technicians were paid on an hourly basis, (3) all field technicians perform the same work: installation and de-installation of medical imaging equipment (MRI's, X-Rays, etc.), relocation of medical imaging equipment, and all accompanying paperwork, forms, and updates, and (4) all field technicians are required to complete additional paperwork after leaving the job site, requiring an

additional 4 to 6 hours a week, for which they are not compensated. (See generally Jones Declaration).

Plaintiff further alleges that it was a company-wide policy not to pay field technicians for the time spent completing additional work after they left the jobsite. (Jones Declaration ¶ 25.) However, Defendants knew or should have known that they were required to pay Plaintiff and the other field technicians for the additional required work. On multiple occasions, Jones informed Chief Operating Officer Giallanzo that the field technicians should be compensated for all work completed, including time spent completing additional paperwork. (Jones Declaration ¶¶ 20-24). The topic was discussed in meetings with the company's managers and Giallanzo, creating contentious disagreements between Jones and Giallanzo. (*Id.*)

## II. Law and Analysis

The FLSA provides:

> An action....may be maintained against any employer...in any Federal or State Court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall become a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is sought.

29 U.S.C. § 216(b).

Importantly, unlike a Rule 23 class action, the commencement of a representative action under § 216(b) does not toll the running of the 2 to 3 year statute of limitations period applicable to FLSA actions for similarly situated plaintiffs. See 29 U.S.C. § 256(b); *Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 479 (D.N.J. 2000).

The collective action provisions of the FLSA, 29 U.S.C. Section 216(b), authorize a trial court to issue court-supervised notice to potential class members. In *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), the Court reasoned that the class action provision of the FLSA conferred upon trial courts the authority to manage the process of joining additional parties. 493 U.S. at 169–73. District court rulings on certifications of FLSA class actions are reviewed for an abuse of discretion. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012)

There is a two-tiered rubric for notice to an FLSA class: first a conditional certification stage, followed by a decertification stage after the close of discovery. *Id.* In the conditional certification stage, a plaintiffs' burden is to show the existence of other employees who appear to be similarly-situated in both their job duties and the employer's treatment of their entitlement to overtime pay. See, e.g., *Theissen v. General Electric Cap. Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *Mooney v. Aramco Services Co.*, 54 F3d 1207, 1214 (5th Cir. 1995). This determination is distinct from the merits of the named plaintiffs' claims. *Theissen*, 267 F.3d at 1106-07. In the conditional certification stage, a liberal standard for measuring similarly-situated employees is used. *Hipp*, 252 F.3d at 1208. Accord *Mooney v. Aramco Services Co.*, 54 F3d 1207, 1214 (5th Cir. 1995) ("lenient standard"). In the instant case, Plaintiff alleges that Defendants treat all of their field technicians in the same way and they perform similar job duties. Moreover, Plaintiff has adduced evidence in the form of Jones' affidavit supporting Plaintiff's claims. Therefore, the potential class members are entitled to receive notice of this action.

In 29 U.S.C. § 216(b), "Congress has stated its policy that . . . plaintiffs should have the opportunity to proceed collectively." *Id.* at 170. This is because, "[a] collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources."

*Id.* That pooling should be encouraged because "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity." *Id.* The bottom line was clearly stated in *Sperling*: "The broad remedial goal of the statute should be enforced to the full extent of its terms." *Id.* at 173.

In light of that remedial purpose and the necessity for notice to effectuate a collective action, a liberal standard is used to measure whether potential recipients of the notice are "similarly situated" to the named Plaintiffs. See, e.g., *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (interpreting FLSA language borrowed by the Age Discrimination in Employment Act). As the FLSA language dictates, the burden on the named Plaintiffs is to show similar, rather than identical, positions to those being sent notice. "To join the collective action, the statute only requires that the employees be similarly situated, not identically situated." *Hasken v. City of Louisville*, 213 F.R.D. 280, 282 (W.D. Ky. 2003). Accord *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996); *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002).

Defendants' only response to Plaintiff's motion is to file an affidavit that details instances when technicians were paid for time spent before and after installations. Doc. 5. This affidavit largely contradicts Plaintiff's claims. However, the Court will not make credibility determinations at this juncture. *White v. 14051 Manchester, Inc.*, 2012 WL 5994263, 4 (E.D. Mo. 2012) (citing *Arnold v. DirecTv, Inc.*, 2012 U.S. Dist. LEXIS 140777, at *8 (E.D. Mo. Sept. 28, 2012)("The Court will not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial stage."). The lenient standard employed at this stage of the litigation warrants a certification of the class. The Court conditionally certifies an FLSA

class consisting of all Defendants' current and former field technicians who conceivably could pursue claims for overtime and minimum wage violations, and approves notice to these individuals. Defendants will not be unduly prejudiced by informing those current and former employees of their possible claim and forum.

Here, a colorable case exists that there are employees who are similarly situated to the named Plaintiff. See *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn.1991) ("To obtain court authorization to send the proposed notice, plaintiffs must submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exist.").

In *Pritchard*, 210 F.R.D. at 596, the named plaintiff had satisfied the standard for notice in two ways:

> "In the less restrictive standard, i.e., demonstrating 'similarly situated' based upon allegations in the complaint of class-wide illegal practices, the Court concludes that Plaintiff has set forth allegations of Defendant's class-wide practice of not paying overtime wages to its paintless dent removal technicians. Under the more restrictive standard, i.e., requiring factual support for the class allegations in the amended complaint, the Court concludes that Plaintiff has set forth sufficient factual support for his class allegations in his Amended Complaint." The employer there had acted the same way toward its technicians: overtime was denied for "certain periods of time" to those technicians.

*Id.* Accord See, e.g., *Morisky v. Public Service Elec. and Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000)("[T]he court usually has only minimal evidence before it" and "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.").

Plaintiff's complaint and Jones' declaration in this action present "identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency.*" Barron*

*v. Henry County Sch. Sys.*, 242 F. Supp.2d 1096, 1103 (M.D. Ala.2003). See also *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 96-97 (S.D.N.Y. 2003) (common policy or plan and factual nexus between named Plaintiff's situation and the situation of the proposed opt-in employees). A named plaintiff's claims are similarly situated for purposes of notice under the FLSA unless they are idiosyncratic. See *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La.2005)("A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice."). As shown by the declaration of Jones, Defendants may have followed a policy of not paying—regular pay or overtime pay—to field technicians for additional work performed after leaving the job site.

Plaintiff's claims are not predicated on the unique circumstances of any one field technician. Instead, Plaintiff's claims and those of the similarly-situated field technicians depend on Defendants' universal denial of pay for all duties performed after leaving the job site. All current and former field technicians who would receive notice from Plaintiff are similarly situated in this regard.

The period of employment, January 28, 2010 to date, has been set based upon the date this action was commenced and the FLSA statute-of-limitations. The FLSA has a two-year statute of limitations, subject to extension to three years for a willful violation. 29 U.S.C. § 255. An FLSA violation is "willful" if the employer either knew or showed reckless disregard for whether its conduct was prohibited by the Act. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiff has alleged that Defendants' violation was a willful one, in that, if Jones' affidavit is to be believed, Defendants were aware of their obligation to pay field technicians for all hours spent

completing additional required paperwork. At this stage of the two-tiered FLSA approach, Plaintiff has met his burden for creating a class consisting of those who have worked over the past three years.

Because the merits of the claims are not before the Court, the sending of notice is justified. Any divergent circumstances on subsidiary issues can be identified and handled at the second tier decertification stage. If some of the opt-in field technicians are dissimilarly situated in a material respect, subclasses or resolving their claims on the merits may avoid decertification of the entire collective action. These are considerations properly addressed at the second stage. In order to properly facilitate notice, limited discovery to determine the class information is necessary. Accordingly, Defendant will respond to the discovery attached to Plaintiff's motion as Exhibit 2.

**III. Conclusion**

Thus, the Court **GRANTS** Plaintiff's motion and conditionally **CERTIFIES** the proposed FLSA class of field technicians employed by Defendants, (ii) **ORDERS** Defendants to identify potential opt-in plaintiffs who have worked for Defendants over the past three years by promptly responding to Plaintiff's First Interrogatories Directed to Defendants and (iii) Plaintiff will send notification of Plaintiff's FLSA claim to all potential opt-in plaintiffs.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, August 9, 2013.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE