IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GARY K. STOUT for himself and
others similarly situated,

        Plaintiffs,                              Case No.: 3:13-CV-26

vs.

REMETRONIX, INC., *et al.*,                   Judge Thomas M. Rose
                                                      Magistrate Judge Michael J. Newman

        Defendants.

---

**REPORT & RECOMMENDATION[1] THAT OPT-IN PLAINTIFF DAVID GALLEY BE DISMISSED FROM THIS CASE**

---

On April 11, 2014, Greg Mansell, Esq., counsel for the opt-in Plaintiffs, filed a motion to withdraw as counsel for opt-in Plaintiff David Galley. Doc. 43. Mr. Mansell then advised the Court that he has been unable to contact Mr. Galley, his client, since late October 2013. Doc. 43-1 at PageID 8080. In compliance with S.D. Ohio Civ. R. 83.4(c)(2), Mr. Mansell served Mr. Galley with a copy of his motion to withdraw. On April 14, 2014, the Court issued a notice to Mr. Galley advising him of the consequences if the motion to withdraw were to be granted and affording him until May 1, 2014 to file a response. Doc. 45.

Having received no response from Mr. Galley, the Court granted Mr. Mansell's motion to withdraw in an Order issued on May 6, 2014. Doc. 48. Mr. Galley was afforded ten days, until May 16, 2014, in which to advise the Court whether he desired to proceed *pro se* or with the assistance of counsel. Recognizing that his counsel had significant difficulty in contacting him,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Mr. Galley was further advised that failure to timely respond by May 16, 2014 could result in his dismissal from this case. *Id*; *see also* doc. 49.

To date, the Court has received no response or correspondence from Mr. Galley. Accordingly, the Court **RECOMMENDS** that opt-in Plaintiff David Galley be **DISMISSED** from this case for his failure to prosecute and his failure to respond in any manner to the Court's two prior Orders (docs. 48, 49).

May 27, 2014                                                                                       s/ **Michael J. Newman**
                                                                                                         United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).